IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ZANE SEIPLER, <br><br> Plaintiff, <br><br> v. <br><br> CAPTAIN ANTON CUNDIFF, LIEUTENANT JOHN MILLER #1431, LIEUTENANT WILLIAM LUTZ, SERGEANT POPOVITS, KATHLEEN SIETH, KEITH NYGREN, individually and in his official capacity as SHERIFF OF MCHENRY COUNTY, and the COUNTY OF MCHENRY, <br><br> Defendants. | Judge Kapala <br> Magistrate Judge Mahoney <br><br> No. 08-cv-50257 |

## MOTION FOR A RULE TO SHOW CAUSE

NOW COMES the Plaintiff, ZANE SEIPLER, by his attorneys, The Blake Horwitz Law Firm Ltd., hereby moves this Honorable Court to issue a rule to show cause against the Defendants for disclosure of Confidential Information and violation of the Agreed Protective Order and Illinois law. In support of said motion, the Plaintiffs states the following:

1. Defendants have gone to great lengths to injury Mr. Zane Seipler and Mrs. Rosalinda Saucedo-Seipler. The reasons for this are clear: the instant Plaintiff has set forth a strong and valid basis for racial profiling. While several McHenry County Deputies along with the Plaintiff, believe that racial profiling occurs in the McHenry County Sheriff's Office, Plaintiff was the only individual to come forward.

2. On April 9, 2007, a police report was filed by Rosalinda Saucedo-Seipler with the Woodstock Police Department, Woodstock Police Report #07-4183 ("Seipler Police

1

Report"). The Seipler Police Report contains very personal information regarding a domestic incident between Plaintiff Zane Seipler and his wife, Rosalinda Saucedo-Seipler.

    3. Relative to Defendants' motives to hurt Mr. Seipler and his family, two weeks prior to the Republican primary, Defendants violated the Agreed Protective Order released the Seipler Police Report to the public. The intent is clear and the violations are obvious. Additionally, this private material has also been attached to Defendants' Motion to Compel the Deposition Testimony of Rosalinda Saucedo-Seipler, thus compounding the problem.

    4. On or around January 22, 2010, the Woodstock Police Report #07-4183 was widely disseminated to the deputy officers at the McHenry County Police Department. The report was unlawfully placed in the mailboxes of several Deputy Officers and put on tables in the Patrol Roll Call room in McHenry County Sheriff's Department without the permission or knowledge of Rosalinda Saucedo-Seipler or Zane Seipler.

    5. Deputy Tim Matteson, a deputy of the McHenry County Sheriff's Department, states that he personally observed a copy of the Seipler Police Report in his mailbox and that he saw several Seipler Police Reports placed in the mailboxes of various deputies (*See attached* Exhibit 1). Deputy Matteson also saw the Seipler Police Report placed on a table in the Patrol Roll Call room in the McHenry County Sheriff's Department. Deputy Matteson spoke to Deputy Milliman regarding the Police Report, who stated that he saw several copies of the Seipler Police Report in various areas of the Squad room in the McHenry County Sheriff's Department.

6. On or around January 22, 2010, Deputy Matteson handed a copy of the report to and reported this incident to supervising officer Sergeant Kalenick.

7. At the time, Zane Seipler was running for the position of Sheriff of McHenry County and the illegal distribution of the Seipler Police Report negatively influenced his political campaign. Newspaper reporters, Chuck Keashan of the Daily Herald and Jillian Duchowski of Northwest Herald, contacted Zane Seipler to inquire about this personal matter. Finally, Seipler's domestic incident was discussed on online blogs (*e.g.* http://antiwoodstockadvocate.blogspot.com) and in the comment sections of numerous Northwest Herald articles. The release of this report affected both Zane Seipler's career and reputation in McHenry County.

8. On February 17, 2010, in an effort to ascertain who unlawfully distributed the Seipler Police Report, Rosalinda Saucedo-Seipler and Zane Seipler spoke with Sergeant Johns of the Woodstock Police Department and asked the Department to investigate this incident. Sergeant Johns of the Woodstock Police Department agreed to conduct an internal investigation.

9. On February 17, 2010, Zane Seipler and Rosalinda Saucedo-Seipler sat down with Sergeant Johns at the Woodstock Police Department. Sergeant Johns stated to Zane Seipler that he was only officer in the Woodstock Police Department that could access the Seipler Police Report.

10. On February 23, 2010, Robert W. Lowen, the Chief of Police of the Woodstock Police Department wrote a letter to Rosalinda Saucedo-Seipler regarding the results of the investigation (*See attached* Exhibit 2). Chief Lowen wrote that there were two different requests to access the Seipler Police Report through the City of Woodstock

3

Freedom of Information Act. Chief Lowen and Officer Cindy Smiley recommended denial of these requests and stated that the report was not disseminated to the two entities that requested the report via FOIA.

11. Chief Lowen also stated in this letter that the Seipler Police Report was released by subpoena to the law firm James G. Sotos and Associates, subpoena report #07-4183 ("Sotos Subpeona") on November 20, 2009.

12. As illustrated above, the law firm of James G. Sotos and Associates and the Defendant Officers were the only entities who were given access to the Seipler Police Report through the use of a subpoena. As a result, they were the only persons who could have unlawfully distributed the Seipler Police Report to the McHenry County Sheriff's Department.

13. Deputy Matteson took a copy of the Seipler Police Report which was placed in his departmental mailbox on January 22, 2010. Shortly thereafter, Deputy Matteson gave Zane Seipler a copy of the report that was handed out on January 22, 2010 ("Seipler Police Report Distributed") (*See attached* Exhibit 3).

14. Defense counsel disclosed to Plaintiff's the Seipler Police Report with the bate stamp numbers SUBP.-WPD.2 000007- 000017 (*See attached* Exhibit 4). This bate stamp number system is the number system that Defendant's counsel has used for their discovery production. Next to the bate stamp number is the following clause, "CONFIDENTIAL: Document Produced Pursuant To Protective Order Entered In Case No. 08-50257." This clause has been affixed to Defense counsels' discovery production and corresponds to Zane Seipler's civil case no. 08-50257.

4

15. In the Seipler Police Report Distributed which was placed in mailboxes on January 22, 2010, there is some indication that the bate stamp numbers on the Seipler Police Report Distributed has been covered up. This is most obvious on bates stamp SUBP.-WPD.2 000008 (*See attached* Exhibit 5). At the bottom of page 8 of the Seipler Police Report Distributed (*See attached* Exhibit 6), the bottom of the bates stamp number SUBP.-WPD.2 000008 and the clause 'CONFIDENTIAL: Document Produced Pursuant To Protective Order Entered In Case No. 08-50257' has been cutoff. The top portion of "SUBP.-WPD.2 00008" can be seen near the signature line. Additionally, on page SUBP.-WPD.2 000009 and SUBP.-WPD.2 000010 (*See attached* Exhibit 7), the signature line is very close to the bate stamp numbers, and thus a large part of the signature has been cutoff in the corresponding pages of the Seipler Police Report Distributed (*See attached* Exhibit 8).

16. The bate stamp number cover-up indicates that the document that was distributed on January 22, 2010, came from the office of James G. Sotos and Associates, thereby further implicating the Defendants.

17. Defendant's distribution of the Seipler Police Report was in direct violation of the Agreed Protective Order entered by both parties. Plaintiff is prejudiced by Defendants' unlawful release of the Seipler Police Report to the McHenry County Sheriff's Office.

18. The Agreed Protective Order was entered on April 7, 2009 by Honorable Judge Mahoney (*See attached* Exhibit 9). The Order states that "The Parties will not use or disclose the PHI and/or Confidential Matter released in this proceeding for any other purpose or any other proceeding." The Seipler Police Report is considered "Confidential

Matter" and should not have been disclosed to the McHenry County Sheriff's Department as the dissemination was not for litigation purposes.

19. The dissemination of the Woodstock Police Report #07-4183 to McHenry County mailboxes and to Patrol Roll Call room tables without the permission or knowledge of Rosalinda Saucedo-Seipler or Zane Seipler is a clear violation of Illinois law, specifically Official Misconduct, 720 ILCS 5/33-3(b) and (c). Official misconduct statues are intended to punish the activities of public officials who have exploited their official positions to the detriment of the public good. *People v. Lanigan*, 818 N.E.2d 829 (Ill.App. 2004). In this instance, the distribution of the Seipler Police Report by Defendants is a clear abuse of their official position. By releasing private information with regards to a candidate and citizen who was running for political office, the public good was harmed and the law was violated.

20. Plaintiff prays this Court issue a rule against Defendants requiring them to show cause as to why they should not be held in civil contempt for their willful failure to comply with the Agreed Protective Order and for violation of Illinois law.

WHEREFORE, the Plaintiff, by her attorneys, The Blake Horwitz Law Firm Ltd., respectfully requests this Honorable Court enter the following Orders:

    a) That a rule to show cause is issued against the Defendants requiring them to show why they should not be held in direct civil contempt for the willful and intentional failure to comply with the Agreed Protective Order and for violation of Illinois law.

    b) For such other and further relief as the Court may deem just and equitable.

          Respectfully submitted,


          /s/ Blake Horwitz\_\_\_\_\_
          One of Plaintiffs' Attorneys


Dated: October 5, 2010

THE BLAKE HORWITZ LAW FIRM
20 S. Clark St., Suite 500
Chicago, IL 60603
(312) 676-2100
(312) 372-7076 (fax)