IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ZANE SEIPLER,<br><br>    Plaintiff,<br><br>    v.<br><br>CAPTAIN ANTON CUNDIFF,<br>LIEUTENANT JOHN MILLER #1431,<br>LIEUTENANT WILLIAM LUTZ,<br>SERGEANT POPOVITS, KATHLEEN<br>SIETH, KEITH NYGREN, individually and in<br>his official capacity as SHERIFF OF<br>MCHENRY COUNTY, and the COUNTY OF<br>MCHENRY,<br><br>    Defendants. | Judge Kapala<br>Magistrate Judge Mahoney<br><br>No. 08-cv-50257 |

**PLAINTIFF'S EMERGENCY MOTION TO COMPEL DEPOSITIONS OF WITNESSES, TO PRODUCE DISCOVERY DOCUMENTS, AND TO EXTEND THE DISCOVERY DEADLINE**

NOW COMES the Plaintiff, Zane Seipler, by and through his attorney, Blake Horwitz of The Blake Horwitz Law Firm, Ltd., and respectfully requests this Court to grant Plaintiff's Emergency Motion to Compel Depositions of Witnesses, to Produce Discovery Documents and to Extend the Discovery Deadline. In support of the motion, Plaintiff states the following:

1. On October 1, 2010, Plaintiff sent Notice of a Deposition for several witnesses. In Plaintiff's notice, Plaintiff outlined a request for individuals to testify regarding Defendant Sheriff Nygren's allegedly illegal conduct regarding the use of a seven-point star logo.

2. By way of background, Defendant Sheriff Nygren created a campaign symbol, a seven-point star, a variation of the official five-point star, as propaganda for his political campaign. Throughout Mr. Nygren's campaign, he promoted his seven-point logo on

campaign flyers and other political material. Once elected, Sheriff Nygren continued to use his campaign logo on hundreds if not thousands of pieces of McHenry County property and official documentation, ranging from department letterhead to county vehicles.

3. Defendants argue that they fail to see how this testimony will lead to the discovery of admissible evidence. The McHenry County Sheriff's department is littered with examples of Sheriff Nygren's campaign logo on County property, which can be seen on buses, cars, envelope openers, motorcycles and even tanks. While Mr. Nygren's allegedly illegal conduct is clearly visible to the public, no one from the McHenry County Sheriff's Office reported Nygren's unlawful conduct, except for Plaintiff Zane Seipler.

4. The fact that that Defendant Nygren committed allegedly unlawful conduct for years and none of the Defendants or other members of the McHenry County Sheriff's Office reported his conduct, illustrates the presence of the code of silence. Evidence of the code of silence in the MCSO is vital for Plaintiff's case.

5. In Plaintiff's notice, from the tickets which were made available to Plaintiff's counsel on August 31, 2010, Plaintiff requested that a witness testify about the absence of traffic tickets from the McHenry County Sheriff's Office from 2007-2008.

6. By way of background, on August 31, 2010, Plaintiff and Plaintiff's counsel reviewed thousands of traffic tickets at the McHenry County Sheriff's Office for the years 2007 and 2008. Additionally, while reviewing the traffic tickets from 2007-2008 for the McHenry County Sheriff's department, Plaintiff was able to assess that *at least* 1193 tickets were missing from the total available traffic tickets at the McHenry County

Sheriff's office. Plaintiff tallied this number by looking through packets of tickets in numerical order and assessing which tickets were absent. The absence of traffic tickets in such large numbers suggests that portions of the tickets may have been purposefully removed. In order for Plaintiff to do a complete analysis as to racial profiling in the McHenry County Sheriff's department, we need an explanation as to the missing tickets.

7. Counsel asked Defendant's to investigate the reason for the missing tickets and issued a notice for a witness to testify as to the absence of these tickets. In a letter from Defense counsel on October 15, 2010, counsel stated that they object to this request because the request was vague and because they had already given Plaintiff an explanation of these missing tickets. *See* Exhibit A.

8. With regards to Defendant's first objection that the request was vague, in their letter of October 15, 2010, counsel stated, "I can only assume you are referring to the tickets made available to you for copying at MCSO on August 31, 2010." Clearly counsel understood that Plaintiff's request was in reference to the tickets that were reviewed on August 31, 2010. Defendants have not provided a legitimate basis to claim Plaintiff's request is vague.

9. In their letter of October 15, 2010, Defendants stated, "I have already presented to you an explanation for the so-called "missing tickets" in my October 13, 2010 correspondence." On October 13, 2010, Defendants tendered a chart to Plaintiff with regards to the missing tickets. *See* Exhibit B. However, Defendant's chart outlines counsel's representations as to the missing tickets, yet counsel does not provide any evidence as whether the information in the chart is accurate or from where counsel procured this information. Plaintiff cannot rely on this information and therefore seeks to depose a witness to testify

as to the missing tickets. Additionally, Defendant's chart does not give Plaintiff the copies of any voided tickets, to/from memorandums drafted for each voided ticket or any other substantiating document. Further Defendant's chart does not answer all of Plaintiff's relevant inquiries with regards to these tickets.

10. Finally, Plaintiff made a request to depose any author(s) or contributor(s) of the Anti-Woodstock Advocate blog ("blog"). *See* Exhibit C. The Anti-Woodstock Advocate blog contains extremely hateful and offensive material against Plaintiff, Zane Seipler. There is a song posted on this website called "I fucking hate you," illustrating the shear volume of hatred this individual has towards Plaintiff Zane Seipler. *See* Exhibit D. A short time after Plaintiff's counsel informed Defendants about this blog was removed from the internet.

11. In Defendant's letter of October 15, 2010, counsel stated that they do not believe that the author or contributor of this blog will lead to discovery of admissible evidence. At this point however, it is not clear who the author of this blog is. In fact, it is likely that the author of this blog is in fact one of the Defendant Officers.

12. If the author of this blog is a Defendant in this case, this website is relevant to show his/her motive and animus towards Mr. Seipler. If the blog, however, is authored by a member of the McHenry County Sheriff's Department it is important to show retaliatory motive, code of silence and a breach thereat on part of the members of the department. This website helps to illustrate the hateful and vindictive feelings that members of the Department harbored towards Mr. Seipler after he had reported the presence of racial profiling at MCSO.

13. Finally, Plaintiff has asked several times for the complete file with regards to all documents, transcripts, videos and audio recordings related to the entirety of the Internal Investigation against Zane Seipler brought forward by the McHenry County Sheriff's Department. This request has been outstanding for more then a year and Plaintiff has spoke to defense counsel regarding this request.

14. Plaintiff is seeking additional time to complete discovery largely because Plaintiff has not received a complete discovery production by defense counsel. As a result of defendant's incomplete discovery production, Plaintiff has not had the opportunity to complete the depositions of several of the relevant witnesses.

15. Defendants have failed to provide Plaintiff with the witness name(s) for Plaintiff's Motion for Rule to Show Cause. These witnesses are essential to show the retaliatory motive in Plaintiff's case, without the names and depositions of these witnesses, Plaintiff cannot move forward.

16. Additionally, Defendants have not yet tendered copies all of the 2007-2008 traffic tickets as Plaintiff requested, nor provided the photos of the drivers who were arrested for driving without a valid driver's license by Officer Bruketta or Officer Falb. These traffic tickets and photos are vital to Plaintiffs racial profiling analysis. Finally, Plaintiff has waited over a year for and not received the complete file of the Internal Investigation brought forward by the McHenry County Sheriff's Department against Zane Seipler. As a result of these delays, Plaintiff is seeking an extension of time to complete discovery.

17. On October 16, 2010, counsel for Plaintiffs, Blake Horwitz, and counsel for Defendants, James Sotos and Elizabeth Barton, spoke at length about this matter as part of a meaningful LCR 37.2 telephone conference and were not able to come to a resolution.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant his Motion to Compel the depositions of individuals with knowledge regarding seven and/or five point stars, individual(s) with information regarding the absence of traffic tickets in MCSO for 2007-2008, and any author(s) or contributor(s) of the Anti-Woodstock Advocate blog, to produce discovery documents and to extend the discovery closure date.

                                                       Respectfully submitted,

                                                       /s/ Blake Horwitz_____
                                                       Blake Horwitz
                                                     One of Plaintiff's Attorneys

The Blake Horwitz Law Firm
Two First National Plaza
20 South Clark Street, Suite 500
Chicago, Illinois 60603
Telephone: (312) 676-2100
Fax: (312) 372-7076