IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ZANE SEIPLER,<br><br>　　Plaintiff,<br><br>　　v.<br><br>CAPTAIN ANTON CUNDIFF,<br>LIEUTENANT JOHN MILLER #1431,<br>LIEUTENANT WILLIAM LUTZ,<br>SERGEANT POPOVITS, KATHLEEN<br>SIETH, KEITH NYGREN, individually and in<br>his official capacity as SHERIFF OF<br>MCHENRY COUNTY, and the COUNTY OF<br>MCHENRY,<br><br>　　Defendants. | Judge Kapala<br>Magistrate Judge Mahoney<br><br>No. 08-cv-50257 |

### PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS OF DEPUTIES BRUKETTA, JONES AND PYLE AND ATTORNEY FEES

NOW COMES the Plaintiff, Zane Seipler, by and through his attorney, Blake Horwitz of The Blake Horwitz Law Firm, Ltd., and respectfully requests this Court to compel the depositions of Deputies Jeremy Bruketta, Christopher Jones, and Gregory Pyle. Additionally, Plaintiff also moves this Court to grant Plaintiff attorney fees pursuant to Fed. R. Civ.P. 37(a)5(A). In support of his motion, Plaintiff states the following:

1. This Court has ordered fact discovery to be concluded by December 15, 2010. See Docket# 120.

2. Plaintiff has been working diligently to comply with this order.

3. This Court has ordered the Defendants to produce certain documents and witnesses that can potentially demonstrate the existence of racial profiling and the

1

retaliatory acts taken by the Defendants against the Plaintiff for his protected speech. See Docket# 120.

4. This Court would not have ordered the production of these documents and witnesses if the Court did not believe such discovery was relevant and reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ.P. 26(b)(1).

5. On October 12, 2010, Plaintiff submitted deposition notices to Defense counsel for Deputies Bruketta, Jones and Pyle. (Exhibit A). The depositions for Deputies Bruketta, Jones and Pyle were scheduled for November 9, 10 and 14, 2010. (Exhibit A). It is undisputed that Defense counsel received these deposition notices from the Plaintiff.

6. On November 5, 2010, Deputies Bruketta, Jones and Pyle, through their counsel, Stephen Balogh of Williams McCarthy, LLP, filed a motion for protective order to bar the Plaintiff from taking their depositions.

7. Attorney Balogh currently represents Deputies Bruketta, Jones and Pyle in pending litigation before the federal court in the Northern District of Illinois. (Exhibit B).

8. On November 5 and 8, 2010, Blake Horwitz contacted movants' counsel, Stephen Balogh, via telephone to possibly resolve issues without pursuing unnecessary litigation. Mr. Balogh stated to Blake Horwitz, that movants are seeking a protective order because the Plaintiff failed to provide them the relevance of taking his clients' depositions.

9. Mr. Horwitz stated that these depositions might be relevant to bias, cover-up, motive of Defendants' retaliatory actions, and the fact that this Court has already ordered the productions of documents generated by Mr. Balogh's clients. The language on the website is relevant to show that deputies had knowledge of Plaintiff's racial profiling

claims and possible links to Defendants retaliatory actions. Mr. Horwitz also stated to Mr. Balogh that Plaintiff believes Deputy Sergeant Pyle is behind the website.

10. Mr. Horwitz also disclosed Plaintiff's theories via emails in an attempt to have Mr. Balogh withdraw his motion and avoid unnecessary litigation. (Exhibit C).

11. Additionally, the depositions of the movants are clearly relevant to prove discriminatory intent on behalf of the Defendants, because the movants were not even punished for falsifying possibly hundreds of citations, arrests and incident reports while the Plaintiff was terminated after allegedly falsifying just two citations.

12. Given this Court's ruling and the obvious relevance of Bruketta's, Jones' and Pyle's depositions, Mr. Balogh and his clients were not substantially justified in filing their motion for protective order.

13. Because of the motion for protective order, Plaintiff was unable to take the depositions of Deputies Bruketta, Jones and Pyle leaving the Plaintiff to scramble to obtain new deposition dates before discovery closes.

14. The Federal Rules of Civil Procedure govern this conduct and Plaintiff prays that this Court award fees for having to prosecute this motion and respond to Bruketta, Jones and Pyle's motion for protective order.[1]

---

[1] 1 FRCP 37(a)(5)(a) Payment of Expenses; Protective Orders: (A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing)*. If the motion is granted — or if the disclosure or requested discovery is provided after the motion was filed — the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

## LCR 37.2 Conference

On November 5 and 8, 2010, counsel for the Plaintiff, Blake Horwitz, spoke to Stephen Balogh, counsel for Bruketta, Jones and Pyle. Mr. Balogh stated that his clients would not be available for deposition, because they did not feel it was relevant to Plaintiff's claims. Plaintiff's counsel disclosed some theories of how the deposition of these deputies might be relevant to Plaintiff's claim. Even though this disclosure by Plaintiff's counsel was not necessary, Plaintiff's counsel did so in order to avoid costly and unnecessary litigation. Plaintiff's counsel also informed Mr. Balogh that Plaintiff would move for attorneys fees and other expenses if the motion for protective order was not withdrawn and Mr. Balogh's clients appeared for their depositions. However, Mr. Balogh continued to state that the depositions of his clients were not relevant. Therefore, the Plaintiff and the movants were not able to resolve their differences. See Exhibit C.

        Respectfully submitted,

        **/s Blake Horwitz**
        Blake Horwitz
        One of the Attorneys for the Plaintiff

The Blake Horwitz Law Firm, Ltd.
20 S. Clark St, Suite 500
Chicago, IL 60603
(312) 676-2100
(312) 372-7076 (Fax)