# Exhibit C

**Mustafa Kamal**

**From:** Blake Horwitz [bwhorwitz@att.net]
**Sent:** Monday, November 08, 2010 5:54 PM
**To:** 'Steve Balogh'
**Subject:** RE: Seipler v. Cundiff, et al.

I was very clear with you that (a) that your clients have not told the truth; (b) that racial profiling (that it occurred) can go towards bias, cover-up, *Monell*, (c) that the Judge has ordered the production of the documents so why could I not ask questions regarding the documents (d) conversations your clients have had with the Defendants are relevant etc.

I can't be any clearer without telling you all of my theories (not required) or questions.

Again, it is unfortunate that you have taken this path and I have asked you to allow the depositions to proceed.

I told you that read your motion and understand your motion.

Lastly, I would very much appreciate it if you would not Cc your clients on e-mails that are sent to me as that can cause problems. However, I will leave that choice up to you.
For example, I do not want your client' personal e-mail addresses – that can create a problem.
Notably, when I reply, I reply only to you.

Thank you.

Blake Horwitz
THE BLAKE HORWITZ LAW FIRM
Two First National Plaza
20 S. Clark, #500
Chicago, IL 60603
(312) 616-4433
(312) 372-7076 (Facsimile)
www.theblakehorwitzlawfirm.com

The information contained in this e-mail transmission may contain attorney privileged and/or confidential information intended only for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination or copying of this transmission is strictly prohibited. If you have received this transmission in error, please immediately notify the sender by telephone, return the original transmission and promptly destroy said e-mail

> **From:** Steve Balogh [mailto:SBalogh@wilmac.com]
> **Sent:** Monday, November 08, 2010 5:43 PM
> **To:** Blake Horwitz
> **Cc:** 'Elizabeth K. Barton'; 'Jim Sotos'; 'Marianne Decker'; Cathy Merwin; Laura Mruk; Christopher Jones; Greg Pyle; Jeremy Bruketta
> **Subject:** RE: Seipler v. Cundiff, et al.
>
> Mr. Horwitz:
>     There is a difference between zealousness of representation and misrepresentation. I made the mistake of taking your call and again, you have misrepresented what was said. I asked you again why the depositions of Pyle, Jones and Bruketta were relevant to your client's retaliation claim and you would not provide a direct response. I told you that "it

11/10/2010

appeared" without some explanation of the relevance, that the motivation for these depositions was to harass or embarrass motivated by personal animus between your client and mine. That is stated in the motion for protective order.

You did, in fact, offer to take the depositions in McHenry County and to limit each to four hours but, again, we're unwilling to provide any well-founded explanation regarding how taking their depositions will advance your client's case against the County. I understand that you would like very much to put the Sheriff's Department on trial for racial profiling but I just don't believe that the district court is going to let you do that. I am willing to concede that I may be mistaken as to what the court will allow but I am not proceeding in bad faith or without support of authority. In fact, our conversation leads me to believe that you have not actually read the motion for protective order or memorandum in support. If you had, I am sure you would understand that I am not aware of the legal theory you are advancing that would make the actions and opinions of non-decision-makers relevant in a retaliation case. If you would provide it to me perhaps you could avoid the trip to the Western Division on Friday. Clearly, since you were able to obtain production of the tickets, the Sotos firm must already be aware of your theory.

Accordingly, I ended the conversation by telling you it was my intent to proceed with the motion and to seek court supervision of discovery as to these three and either stop the depositions or limit them as much as I can based on the law. You have twice now told me that you intend to seek fees for addressing the motion for protective order and I understand and appreciate that you have so advised. In the future, I would like all communications between our offices in regard to this matter to be in writing so that they cannot be misconstrued by either of us.

Thank you,
Steve Balogh

Stephen E. Balogh
WilliamsMcCarthyLLP
120 W. State Street
P.O. Box 219
Rockford, IL 61105-0219
www.wilmac.com
Phone: (815) 987-8946
Fax: (815) 968-0019

**CONFIDENTIALITY NOTICE:** This transmission is intended only for the use of the individual or entity to whom it is addressed and may contain confidential information belonging to the sender that is protected by the attorney/client privilege and/or other legal privileges. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify the sender immediately by e-mail and delete this message.
**IRS Circular 230 Disclosure Notice:** If this e-mail communication or any attachments, contain any tax advice, such advice is not intended or written to be used, and it cannot be used, for the purposes of avoiding tax penalties that may be imposed on a taxpayer. Furthermore, if this e-mail communication or any attachments, contain any tax advice, such advice may not be used or referred to in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement, and a taxpayer receiving such information under such circumstances should seek advice from an independent tax advisor.

---

**From:** Blake Horwitz [mailto:bwhorwitz@att.net]
**Sent:** Monday, November 08, 2010 5:24 PM
**To:** Steve Balogh
**Subject:** RE: Seipler v. Cundiff, et al.

We just spoke, I advised that I will do the depositions in McHenry County for four hours, I advised you as to relevance you state that you will not produce your clients, that I am harassing them.
I advised you that I will ask for fees for having to prosecute this motion.

The approach that you are taking is unfortunate and undesirable.

Blake

Blake Horwitz
THE BLAKE HORWITZ LAW FIRM
Two First National Plaza
20 S. Clark, #500
Chicago, IL 60603
(312) 616-4433
(312) 372-7076 (Facsimile)
www.theblakehorwitzlawfirm.com


The information contained in this e-mail transmission may contain attorney privileged and/or confidential information intended only for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination or copying of this transmission is strictly prohibited. If you have received this transmission in error, please immediately notify the sender by telephone, return the original transmission and promptly destroy said e-mail

> **From:** Steve Balogh [mailto:SBalogh@wilmac.com]
> **Sent:** Monday, November 08, 2010 4:53 PM
> **To:** Blake Horwitz; 'Blake Horwitz'
> **Cc:** 'Jim Sotos'; 'Elizabeth K. Barton'; Cathy Merwin; 'Marianne Decker'
> **Subject:** Seipler v. Cundiff, et al.
>
> Mr. Horwitz,
>     This morning when I arrived at my office I had two voice mail messages from you, both predating your email of Saturday evening. I am preparing for a trial that begins next Monday and have been here all day. I have not received any calls from your office. Originally, when we spoke, I told you that I did not understand how the depositions of my clients, non-decision makers, could be relevant or admissible in your client's retaliatory discharge claim. Not only would you not offer any basis for the taking of those depositions you specifically told me that you would not share your reasons for wanting their depositions. When I suggested that without some a showing of some relevance I would not produce them, you invited me to file the appropriate motion. As is recited in the motion for protective order, the only concession you were willing to even discuss was that you would not ask any of them any questions regarding the arrest of the Pavlins. That, however, is not my sole nor primary concern.
>     Next, you send an email accusing me of making misrepresentations and again, do not offer any advice on what those misrepresentations are. That is followed with a second email in which you all but accuse me of being incompetent and ill informed, and threaten me with sanctions. Given the tenor of your emails I did not realize that you wished to speak with me and, quite frankly, for my own protection, I think it makes more sense for our communications to be in writing.
>     If you truly wish to reach an agreement concerning the depositions of Messrs. Pyle, Jones and Bruketta, I think you should start with a some explanation as to how those depositions are reasonably calculated to lead to the discovery of admissible evidence. Given the fact that I am "in the middle of litigation that [I] neither understand or [am] aware of," and I "do not know what has transpired in this case *at all,*" it is apparent that I need the

education. As of now, it is my intent to proceed with the motion for protective order on Friday.

Thank you,
Steve Balogh

Stephen E. Balogh
WilliamsMcCarthyLLP
120 W. State Street
P.O. Box 219
Rockford, IL 61105-0219
www.wilmac.com
Phone: (815) 987-8946
Fax: (815) 968-0019

**CONFIDENTIALITY NOTICE**: This transmission is intended only for the use of the individual or entity to whom it is addressed and may contain confidential information belonging to the sender that is protected by the attorney/client privilege and/or other legal privileges. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify the sender immediately by e-mail and delete this message.
**IRS Circular 230 Disclosure Notice**: If this e-mail communication or any attachments, contain any tax advice, such advice is not intended or written to be used, and it cannot be used, for the purposes of avoiding tax penalties that may be imposed on a taxpayer. Furthermore, if this e-mail communication or any attachments, contain any tax advice, such advice may not be used or referred to in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement, and a taxpayer receiving such information under such circumstances should seek advice from an independent tax advisor.

---

**From:** Blake Horwitz [mailto:bhorwitz@bhlfattorneys.com]
**Sent:** Monday, November 08, 2010 4:29 PM
**To:** Steve Balogh; 'Blake Horwitz'; 'Jim Sotos'; 'Elizabeth K. Barton'
**Subject:** RE: Seipler v. Cundiff, et al.

Stephen:

In furtherance of my effort to communicate w/ you, an associate at my office Mustafa Kamal, has left you three messages (unreturned) I have also e-mailed you w/ the intention of you calling me back (also not responded to).

This is now the 5th attempt.

I assume that you will communicate me

Blake

---

> **From:** Steve Balogh [mailto:SBalogh@wilmac.com]
> **Sent:** Friday, November 05, 2010 4:42 PM
> **To:** Blake Horwitz; Jim Sotos; Elizabeth K. Barton; bhorwitz@bhlfattorneys.com
> **Cc:** Jeremy Bruketta; Gregory Pyle; Christopher Jones; 'Marianne Decker'; Chris Cosentino; Cathy Merwin; Laura Mruk
> **Subject:** Seipler v. Cundiff, et al.
>
> Counsel,
> Because Mr. Horwitz was unwilling or unable to provide some explanation regarding the relevance of the depositions of my clients, Greg Pyle, Chris Jones or

11/10/2010

Jeremy Bruketta, I have been directed to file a motion for protective order in accordance with Rule 26(c) of the Federal Rules of Civil Procedure. You should have already received electronic copies of the motion, memorandum in support and notice of presentment for Friday, November 12, at 1:30 p.m. in front of Magistrate Judge Mahoney. Nonetheless, I have attached a copy of the memorandum in support (without exhibits, the deposition notices) for your information.
Please feel free to call if any of you have any questions.

Thank you,
Steve Balogh

Stephen E. Balogh
WilliamsMcCarthyLLP
120 W. State Street
P.O. Box 219
Rockford, IL 61105-0219
www.wilmac.com
Phone: (815) 987-8946
Fax: (815) 968-0019

**CONFIDENTIALITY NOTICE:** This transmission is intended only for the use of the individual or entity to whom it is addressed and may contain confidential information belonging to the sender that is protected by the attorney/client privilege and/or other legal privileges. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify the sender immediately by e-mail and delete this message.
**IRS Circular 230 Disclosure Notice:** If this e-mail communication or any attachments, contain any tax advice, such advice is not intended or written to be used, and it cannot be used, for the purposes of avoiding tax penalties that may be imposed on a taxpayer. Furthermore, if this e-mail communication or any attachments, contain any tax advice, such advice may not be used or referred to in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement, and a taxpayer receiving such information under such circumstances should seek advice from an independent tax advisor.

**Mustafa Kamal**

**From:** Blake Horwitz [bhorwitz@bhlfattorneys.com]
**Sent:** Monday, November 08, 2010 4:56 PM
**To:** 'Steve Balogh'
**Subject:** RE: Seipler v. Cundiff, et al.

You are either willing to have a conversation or not, my phone line is open.
Blake

> **From:** Steve Balogh [mailto:SBalogh@wilmac.com]
> **Sent:** Monday, November 08, 2010 4:53 PM
> **To:** Blake Horwitz; 'Blake Horwitz'
> **Cc:** 'Jim Sotos'; 'Elizabeth K. Barton'; Cathy Merwin; 'Marianne Decker'
> **Subject:** Seipler v. Cundiff, et al.
>
> Mr. Horwitz,
>      This morning when I arrived at my office I had two voice mail messages from you, both predating your email of Saturday evening. I am preparing for a trial that begins next Monday and have been here all day. I have not received any calls from your office. Originally, when we spoke, I told you that I did not understand how the depositions of my clients, non-decision makers, could be relevant or admissible in your client's retaliatory discharge claim. Not only would you not offer any basis for the taking of those depositions you specifically told me that you would not share your reasons for wanting their depositions. When I suggested that without some a showing of some relevance I would not produce them, you invited me to file the appropriate motion. As is recited in the motion for protective order, the only concession you were willing to even discuss was that you would not ask any of them any questions regarding the arrest of the Pavlins. That, however, is not my sole nor primary concern.
>      Next, you send an email accusing me of making misrepresentations and again, do not offer any advice on what those misrepresentations are. That is followed with a second email in which you all but accuse me of being incompetent and ill informed, and threaten me with sanctions. Given the tenor of your emails I did not realize that you wished to speak with me and, quite frankly, for my own protection, I think it makes more sense for our communications to be in writing.
>      If you truly wish to reach an agreement concerning the depositions of Messrs. Pyle, Jones and Bruketta, I think you should start with a some explanation as to how those depositions are reasonably calculated to lead to the discovery of admissible evidence. Given the fact that I am "in the middle of litigation that [I] neither understand or [am] aware of," and I "do not know what has transpired in this case *at all*," it is apparent that I need the education. As of now, it is my intent to proceed with the motion for protective order on Friday.
>
> Thank you,
> Steve Balogh
>
> Stephen E. Balogh
> WilliamsMcCarthyLLP
> 120 W. State Street
> P.O. Box 219
> Rockford, IL 61105-0219

11/10/2010

www.wilmac.com
Phone: (815) 987-8946
Fax: (815) 968-0019

**CONFIDENTIALITY NOTICE:** This transmission is intended only for the use of the individual or entity to whom it is addressed and may contain confidential information belonging to the sender that is protected by the attorney/client privilege and/or other legal privileges. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify the sender immediately by e-mail and delete this message.
**IRS Circular 230 Disclosure Notice:** If this e-mail communication or any attachments, contain any tax advice, such advice is not intended or written to be used, and it cannot be used, for the purposes of avoiding tax penalties that may be imposed on a taxpayer. Furthermore, if this e-mail communication or any attachments, contain any tax advice, such advice may not be used or referred to in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement, and a taxpayer receiving such information under such circumstances should seek advice from an independent tax advisor.

**From:** Blake Horwitz [mailto:bhorwitz@bhlfattorneys.com]
**Sent:** Monday, November 08, 2010 4:29 PM
**To:** Steve Balogh; 'Blake Horwitz'; 'Jim Sotos'; 'Elizabeth K. Barton'
**Subject:** RE: Seipler v. Cundiff, et al.

Stephen:

In furtherance of my effort to communicate w/ you, an associate at my office Mustafa Kamal, has left you three messages (unreturned) I have also e-mailed you w/ the intention of you calling me back (also not responded to).

This is now the 5th attempt.

I assume that you will communicate me

Blake

> **From:** Steve Balogh [mailto:SBalogh@wilmac.com]
> **Sent:** Friday, November 05, 2010 4:42 PM
> **To:** Blake Horwitz; Jim Sotos; Elizabeth K. Barton; bhorwitz@bhlfattorneys.com
> **Cc:** Jeremy Bruketta; Gregory Pyle; Christopher Jones; 'Marianne Decker'; Chris Cosentino; Cathy Merwin; Laura Mruk
> **Subject:** Seipler v. Cundiff, et al.
>
> Counsel,
>     Because Mr. Horwitz was unwilling or unable to provide some explanation regarding the relevance of the depositions of my clients, Greg Pyle, Chris Jones or Jeremy Bruketta, I have been directed to file a motion for protective order in accordance with Rule 26(c) of the Federal Rules of Civil Procedure. You should have already received electronic copies of the motion, memorandum in support and notice of presentment for Friday, November 12, at 1:30 p.m. in front of Magistrate Judge Mahoney. Nonetheless, I have attached a copy of the memorandum in support (without exhibits, the deposition notices) for your information.
>     Please feel free to call if any of you have any questions.
>
> Thank you,
> Steve Balogh
>
> Stephen E. Balogh
> WilliamsMcCarthyLLP

11/10/2010

120 W. State Street
P.O. Box 219
Rockford, IL 61105-0219
www.wilmac.com
Phone: (815) 987-8946
Fax: (815) 968-0019

**CONFIDENTIALITY NOTICE**: This transmission is intended only for the use of the individual or entity to whom it is addressed and may contain confidential information belonging to the sender that is protected by the attorney/client privilege and/or other legal privileges. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify the sender immediately by e-mail and delete this message.
**IRS Circular 230 Disclosure Notice**: If this e-mail communication or any attachments, contain any tax advice, such advice is not intended or written to be used, and it cannot be used, for the purposes of avoiding tax penalties that may be imposed on a taxpayer. Furthermore, if this e-mail communication or any attachments, contain any tax advice, such advice may not be used or referred to in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement, and a taxpayer receiving such information under such circumstances should seek advice from an independent tax advisor.

# Mustafa Kamal

**From:** Blake Horwitz [bhorwitz@bhlfattorneys.com]
**Sent:** Wednesday, November 10, 2010 5:52 PM
**To:** mkamal@bhlfattorneys.com
**Subject:** FW: Seipler v. Cundiff, et al.

---

**From:** Blake Horwitz [mailto:bhorwitz@bhlfattorneys.com]
**Sent:** Saturday, November 06, 2010 4:24 PM
**To:** 'Steve Balogh'
**Subject:** RE: Seipler v. Cundiff, et al.

They do. Your representations are not accurate and I will tell the court accordingly. I specifically told you that your clients were engaged in racial profiling, that they are not truthful and that my client was terminated for reporting them. You stated that you did not believe that those facts were a basis to take their deposition, that those facts were irrelevant as it is only the state of mind of the individuals that terminated that Plaintiff that are relevant.

Your motion is devoid of support, does not address discovery issues but trial relevance. If I have to draft a response, I will seek fees. You are in the middle of litigation that you neither understand or are aware of. You do not know what has transpired in this case *at all*. **For example, I also advised you (a) that that judge ordered the production of the documents generated by Bruketta and Jones – how would their testimony regarding the documents (which amount to approx 500+) be non discoverable. You stated that you would agree to only three hours and I told you (b) that if you file a motin, while we are there I will ask the judge for a 6 hour dep given the number of documents to review. You indicated that you think that I just care about the testimony re the Pavlon case, I advised you that I did not care about the Pavlon case, that only have learned a little about it and that I would be willing to consider not going into that testimony during the deposition – to be clear, I am not saying that the Pavlon issues are *irrelevant* for trial, but I do know that I can look at their deps from the other case and learn about what they said. Lastly, you indicated that you were surprised that the judge would allow a dep for more then three hours – I believe that non party deps in our case are court ordered to go for 4 hours.**

I am not making this up, you are not directing your attention to these issues truthfully.

**My hourly rate is $400.00/hour – I will ask for sanctions, I do not like to practice in this fashion but will do so immediately.**

I also believe that we can work this out and am fine w/ further discussion.

Blake
**My cell if you desire to call is 773 527 9674**

---

**From:** Steve Balogh [mailto:SBalogh@wilmac.com]
**Sent:** Friday, November 05, 2010 7:54 PM
**To:** Blake Horwitz
**Cc:** 'Uma Bansal'; Cathy Merwin; Laura Mruk
**Subject:** RE: Seipler v. Cundiff, et al.

Blake,

Your remarks below are flat-out disingenuous. You specifically told me that you would not share why the depositions of these individuals were relevant to your clients

claims. Your suggestion about working it out was that I agree to six hours, minimum for Jones and Bruketta and that the depositions would be in Chicago. The only concession you were even willing to discuss was that you wouldn't ask questions related specifically to the arrest of the Pavlins. I told you specifically that I would let you know whether I would produce the deponents or file the appropriate motion by the end of this week. That is what I did.

    I told you in our conversation that I will not engage in a personal dispute with you about us or about our respective clients. I am sorry that your recollection of the substance and conclusion differs from mine but I assure you neither the motion for a protective order or my email below contain any misrepresentations.

Thanks,
Steve

Stephen E. Balogh
WilliamsMcCarthyLLP
120 W. State Street
P.O. Box 219
Rockford, IL 61105-0219
www.wilmac.com
Phone: (815) 987-8946
Fax: (815) 968-0019

**CONFIDENTIALITY NOTICE**: This transmission is intended only for the use of the individual or entity to whom it is addressed and may contain confidential information belonging to the sender that is protected by the attorney/client privilege and/or other legal privileges. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify the sender immediately by e-mail and delete this message.
**IRS Circular 230 Disclosure Notice**: If this e-mail communication or any attachments, contain any tax advice, such advice is not intended or written to be used, and it cannot be used, for the purposes of avoiding tax penalties that may be imposed on a taxpayer. Furthermore, if this e-mail communication or any attachments, contain any tax advice, such advice may not be used or referred to in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement, and a taxpayer receiving such information under such circumstances should seek advice from an independent tax advisor.

**From:** Blake Horwitz [mailto:bhorwitz@bhlfattorneys.com]
**Sent:** Friday, November 05, 2010 6:10 PM
**To:** Steve Balogh
**Cc:** 'Uma Bansal'
**Subject:** RE: Seipler v. Cundiff, et al.

Steve, you have misrepresented our conversation. I have in fact called you immediately after you filed this motion.

When we spoke, I also advised you that before you take a position, let's discuss this matter and see what we can work out.

Lastly, our conversation was for approximately 45 minutes. We spoke in great detail as to my position. I did not tell you my specific theories and the questions that I'd be asking.

You have filed the motion. Your e-mail misrepresents facts. I hope that you do not proceed forward in litigation misrepresenting facts.

Blake

11/10/2010

**From:** Steve Balogh [mailto:SBalogh@wilmac.com]
**Sent:** Friday, November 05, 2010 4:42 PM
**To:** Blake Horwitz; Jim Sotos; Elizabeth K. Barton; bhorwitz@bhlfattorneys.com
**Cc:** Jeremy Bruketta; Gregory Pyle; Christopher Jones; 'Marianne Decker'; Chris Cosentino; Cathy Merwin; Laura Mruk
**Subject:** Seipler v. Cundiff, et al.

Counsel,

    Because Mr. Horwitz was unwilling or unable to provide some explanation regarding the relevance of the depositions of my clients, Greg Pyle, Chris Jones or Jeremy Bruketta, I have been directed to file a motion for protective order in accordance with Rule 26(c) of the Federal Rules of Civil Procedure. You should have already received electronic copies of the motion, memorandum in support and notice of presentment for Friday, November 12, at 1:30 p.m. in front of Magistrate Judge Mahoney. Nonetheless, I have attached a copy of the memorandum in support (without exhibits, the deposition notices) for your information.
    Please feel free to call if any of you have any questions.

Thank you,
Steve Balogh

Stephen E. Balogh
WilliamsMcCarthyLLP
120 W. State Street
P.O. Box 219
Rockford, IL 61105-0219
www.wilmac.com
Phone: (815) 987-8946
Fax: (815) 968-0019

**CONFIDENTIALITY NOTICE:** This transmission is intended only for the use of the individual or entity to whom it is addressed and may contain confidential information belonging to the sender that is protected by the attorney/client privilege and/or other legal privileges. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify the sender immediately by e-mail and delete this message.
**IRS Circular 230 Disclosure Notice:** If this e-mail communication or any attachments, contain any tax advice, such advice is not intended or written to be used, and it cannot be used, for the purposes of avoiding tax penalties that may be imposed on a taxpayer. Furthermore, if this e-mail communication or any attachments, contain any tax advice, such advice may not be used or referred to in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement, and a taxpayer receiving such information under such circumstances should seek advice from an independent tax advisor.

## Mustafa Kamal

**From:** Blake Horwitz [bhorwitz@bhlfattorneys.com]
**Sent:** Wednesday, November 10, 2010 5:51 PM
**To:** mkamal@bhlfattorneys.com
**Subject:** FW: Seipler v. Cundiff, et al.

---

**From:** Blake Horwitz [mailto:bhorwitz@bhlfattorneys.com]
**Sent:** Friday, November 05, 2010 6:10 PM
**To:** 'Steve Balogh'
**Cc:** 'Uma Bansal'
**Subject:** RE: Seipler v. Cundiff, et al.

Steve, you have misrepresented our conversation. I have in fact called you immediately after you filed this motion.

When we spoke, I also advised you that before you take a position, let's discuss this matter and see what we can work out.

Lastly, our conversation was for approximately 45 minutes. We spoke in great detail as to my position. I did not tell you my specific theories and the questions that I'd be asking.

You have filed the motion. Your e-mail misrepresents facts. I hope that you do not proceed forward in litigation misrepresenting facts.

Blake

---

**From:** Steve Balogh [mailto:SBalogh@wilmac.com]
**Sent:** Friday, November 05, 2010 4:42 PM
**To:** Blake Horwitz; Jim Sotos; Elizabeth K. Barton; bhorwitz@bhlfattorneys.com
**Cc:** Jeremy Bruketta; Gregory Pyle; Christopher Jones; 'Marianne Decker'; Chris Cosentino; Cathy Merwin; Laura Mruk
**Subject:** Seipler v. Cundiff, et al.

Counsel,
    Because Mr. Horwitz was unwilling or unable to provide some explanation regarding the relevance of the depositions of my clients, Greg Pyle, Chris Jones or Jeremy Bruketta, I have been directed to file a motion for protective order in accordance with Rule 26(c) of the Federal Rules of Civil Procedure. You should have already received electronic copies of the motion, memorandum in support and notice of presentment for Friday, November 12, at 1:30 p.m. in front of Magistrate Judge Mahoney. Nonetheless, I have attached a copy of the memorandum in support (without exhibits, the deposition notices) for your information.
    Please feel free to call if any of you have any questions.

Thank you,
Steve Balogh

Stephen E. Balogh
WilliamsMcCarthyLLP

11/10/2010

120 W. State Street
P.O. Box 219
Rockford, IL 61105-0219
www.wilmac.com
Phone: (815) 987-8946
Fax: (815) 968-0019

**CONFIDENTIALITY NOTICE:** This transmission is intended only for the use of the individual or entity to whom it is addressed and may contain confidential information belonging to the sender that is protected by the attorney/client privilege and/or other legal privileges. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify the sender immediately by e-mail and delete this message.
**IRS Circular 230 Disclosure Notice:** If this e-mail communication or any attachments, contain any tax advice, such advice is not intended or written to be used, and it cannot be used, for the purposes of avoiding tax penalties that may be imposed on a taxpayer. Furthermore, if this e-mail communication or any attachments, contain any tax advice, such advice may not be used or referred to in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement, and a taxpayer receiving such information under such circumstances should seek advice from an independent tax advisor.

11/10/2010