IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ZANE SEIPLER,<br><br>    Plaintiff,<br><br>    v.<br><br>CAPTAIN ANTON CUNDIFF, LIEUTENANT JOHN MILLER #1431, LIEUTENANT WILLIAM LUTZ, SERGEANT POPOVITS, KATHLEEN SIETH, KEITH NYGREN, individually and in his official capacity as SHERIFF OF MCHENRY COUNTY, and the COUNTY OF MCHENRY,<br><br>    Defendants. | Judge Kapala<br>Magistrate Judge Mahoney<br><br>No. 08-cv-50257 |

**PLAINTIFF'S MOTION TO COMPEL ADDITIONAL TIME TO DEPOSE THE DEFENDANT OFFICERS AND OTHER RELIEF**

NOW COMES the Plaintiff, Zane Seipler, by and through his attorney, Blake Horwitz of The Blake Horwitz Law Firm, Ltd., and respectfully requests this Court to grant Plaintiff's Motion to Compel Additional Time to Depose the Defendant Officers. In support of this motion, Plaintiff states the following:

1. New data has come to light, which includes supplemental disclosures that reveal the production of more then 5,000 tickets previously withheld from Plaintiff[1], and also 51 officers are *now* being investigated for racial profiling[2].

---

[1] The new tickets were provided on or about January 2, 2011.
[2] The new investigation began on January 14, 2011. Plaintiff has always maintained that racial profiling was occurring. Defendants denied same. Filings with this Court and newly developed public scrutiny have forced Defendants to re-evaluate their prior misrepresentations. Though time will tell as to whether the pending investigations will be done legitimately, the investigations concern the deputies that were working for the Sheriff Department at the time of Plaintiff's complaints.

2. Based upon the new information revealed in discovery (Sheriff Nygren's criminal conduct, large scale ticket falsification, new evidence of racial profiling, data withheld by Defendants, violation of protective orders), Plaintiff is seeking leave to file an amended complaint. This amendment shall amplify Plaintiff's claims and include new counts based on further injuries Plaintiff has sustained, as well as, new evidence relating to previously alleged misconduct.

3. On August 31, 2010, Plaintiff and Plaintiff's counsel reviewed thousands of traffic tickets at the McHenry County Sheriff's Office for the years 2007 and 2008. Plaintiff engaged in this task to provide a background analysis as to racial profiling that was taking place by McHenry County Sheriff Deputies.

4. Contemporaneous with this review, Plaintiff possessed traffic ticket data from Defendants that was tendered in discovery approximately one and half years prior.

5. With this information, Plaintiff took depositions and developed a trial strategy with regards to the prosecution of this cause.

6. Plaintiff's counsel, Blake Horwitz, during depositions, before this Honorable Court and via letter, informed Defendants that the traffic data that Defendants tendered to Plaintiff was faulty. Defendants allowed Plaintiff to continue to engage in discovery and take depositions knowing that they had tendered core data which was faulty. Plaintiff developed a strategy which was, in part, based on the fact that Defendants intentionally developed poor data relative to racial profiling (*i.e.* ticket data which provided information as to the frequency of stops by particular officers) so as to hide misconduct. Now, at the end of discovery, Defendants have tendered the data that was previously missing, now requiring an entirely new line of inquiry.

7. On January 2, 2011, Defendants tendered data relative to 5,000(+) new tickets to Plaintiff. Thus Defendants failed to tender this data previously, despite Plaintiff's repeat warnings in this regard. Plaintiff's counsel took depositions of Defendant officers and other target officers (*i.e.* Deputy Bruketta who falsified 140 tickets[3]) and developed a trial strategy based on erroneous data. Over 100 hours has been spent preparing and taking depositions in connection with this false data. Based on Defendants newly tendered information and investigation, Plaintiff now learns certain theories are wrong; and therefore, further deponents have to be re-deposed based on the new understanding derived from new information.

8. The new data is highly relevant. For example, it establishes that Deputy Bruketta generated at least 240 falsified tickets whereas he previously admitted it was 140. *See* Exhibit A[4]. Prior to his termination, Plaintiff claimed that Deputy Bruketta and other officers were engaged in racial profiling. The new data support this. Previously, Defendants rejected Plaintiff's racial profiling claims and fired the Plaintiff. Now Deputy Bruketta, along with 51 other officers, are being investigated for racial profiling.

9. Therefore, Plaintiff request that the Court give Plaintiff two (2) hours to depose Sheriff Nygren, Lieutenant Miller, and Lieutenant Lutz and one (1) additional hour to depose Captain Cundiff, Kathleen Seith and Jeremy Bruketta. Plaintiff also prays that Defendants pay for the relevant deposition expenses and attorney fees in connection with this endeavor. Plaintiff also prays that there be a stay in depositions pending the outcome of the investigation of the 51 officers.

---

[3] The new data shows this to be 240 tickets.
[4] Plaintiff seeks leave to file this exhibit under seal.

10. On January 10, 2011, counsel for Plaintiff, Uma Bansal, and counsel for Defendants, Elizabeth Barton, spoke about this matter as part of a meaningful LCR 37.2 telephone conference and were not able to come to a resolution. Elizabeth Barton represented that the Defendants will not reproduce Sheriff Nygren, Lt. Miller or Lt. Lutz nor will they reproduce Captain Cundiff or Kathleen Seith for any additional time or pay for the deposition costs.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant this Motion and provide any and all other relief deemed just.

Respectfully submitted,

/s/ Blake Horwitz_____
Blake Horwitz
One of Plaintiff's Attorneys

The Blake Horwitz Law Firm
Two First National Plaza
20 South Clark Street, Suite 500
Chicago, Illinois 60603
Telephone: (312) 676-2100
Fax: (312) 372-7076