*Seipler v. Cundiff, et al.*
Case No. 08 CV 50257

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| Zane Seipler, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.    08 c 50257 |
| | ) | |
| Captain Anton Cundiff, et al., | ) | The Honorable Judge P. Michael Mahoney |
| | ) | Magistrate Judge Frederick J. Kapala |
| Defendants. | ) | |

### DEFENDANTS' RESPONSE TO
### PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants, by counsel, JAMES G. SOTOS & ASSOCIATES, LTD., submit the

following as their Joint Response to Plaintiff's Request for Production of Documents:

1.      Any and all statements, signed or unsigned, oral, written, recorded or court

reported, from any person who claims to have (a) witnessed any interaction the Plaintiff had with

any Defendant on the dates of the incidents described in the Complaint; (b) witnessed the

occurrences specified in the Plaintiff's Complaint; (c) been present at the scene at the time of,

immediately prior to, or subsequent to the occurrence; (d) knowledge of any of the facts of the

occurrences specified in the Plaintiff's Complaint; (e) knowledge of any of the injuries and/or

lack thereof relative to the Plaintiff or Defendants; and/or (f) knowledge of the occurrences

specified in Plaintiff's Complaint.

**RESPONSE**: Defendants object to Request No. 1 to the extent it seeks documents protected by
the attorney-client privilege or work product doctrine. In accordance with said
objection, none, other than those previously delivered as part of Defendants'
Initial Rule 26 Disclosures. Investigation continues.

2.     All recordings of any type of communication relating to the subjects described in

the Complaint, including the audio recordings and/or the transcripts of any hearing held by

Defendants concerning Plaintiff's employment.

**RESPONSE**:  The following CD's and DVD's are attached, containing the following recordings:

Interview of Zane Seipler, dated July 28, 2007

Interview of Charles Hoffman, dated November 26, 2007; and
Interview of Zane Seipler, dated November 28, 2007.

Interview of Neil Pagett, dated February 11, 2008;
Interview of Curtis Jones, dated February 11, 2008;
Interview of Brian Boundy, dated February 12, 2008;
Interview of Christina Marshall-Jones, dated February 14, 2008;
Interview of Jennifer Asplund, dated February 21, 2008; and
Interview of Zane Seipler, dated February 26, 2008.

Kathy Seith Interviews of: Kent Nelson, Cynthia Matteson, and Jaime Rieke,
dated March 3, 2008; and
Kathy Seith Interviews of: Brian Dunivan, Kris Paterek, Jessica Fruehe, Trever
Schwarz, Curtis Jones, Adam Hirsch and Jonas Troca, dated March 4, 2008.

Brittany Hartline Stop, dated June 29, 2009;
Radio Calls Stop No. 1, dated July 11, 2008;
Visual Stop at Ringwood & McCullom, dated July 11, 2008;
Radio Calls Stop No. 2, dated July 11, 2008;
Visual Stop - Sarah Brown, dated July 11, 2008;

Interview of Amanda Buerer, dated July 22, 2008;
Interview of Megan Maldonado, dated July 22, 2008;
Interview of Brittany Hartline, dated July 28, 2008;
Interview of Zane Seipler, dated July 29, 2008;
Interview of Sarah Brown, dated August 6, 2008;
Interview of Jose Alanis, Not Dated; and
Interview of Benito Mendez, Not Dated

Photographs of MCSO Squad Car 523

Additionally, documents responsive to this Request were previously delivered as
part of Defendants' Initial Rule 26 Disclosures.  Investigation continues.

3.    Complete, unedited, and unabridged copies of any and all medical records and/or

medical bills and/or reports (including documentation by an officer and/or employee of the

Defendant Municipality) of or pertaining to the Plaintiff purporting to diagnose, analyze, and/or

otherwise evaluate any and all injuries and/or conditions of the Plaintiff during his employment

with Defendants.

**RESPONSE**:  None, other than those previously delivered as part of Defendants' Initial Rule 26
                   Disclosures. Investigation continues.

4.    Any and all documentation (see definitions, *supra*), memoranda, or paperwork

whatsoever that you have in your possession which has information relating to data, including

medical reports/documents, as to the physical or mental condition of the Plaintiff prior and

subsequent to the alleged occurrences.

**RESPONSE**:  Dr. Gronau's report is attached, bearing Bates-Stamped No. DEFS. RESP. TO P'S
                   RTP 000001.  Additionally, documents responsive to this Request were
                   previously delivered as part of Defendants' Initial Rule 26 Disclosures.
                   Investigation continues.

5.    Any and all documentation (see definitions, *supra*), memoranda, or paperwork

whatsoever relating to the Plaintiff that you have in your possession which has information

relating to out-of-pocket expenses or monetary losses suffered by Plaintiff, including, but not

limited to, all invoices regarding medical, surgical and hospital services rendered to the Plaintiff.

**RESPONSE**:  County of McHenry Transaction Detail Inquiries for 2005-2008 are attached
                   hereto as Bates-Stamped Nos. DEFS. RESP. TO P'S RTP 000002 to 000007.
                   Investigation continues.

6.    Tender copies of drawings, slides, motion pictures, video recordings, photographs,

audio recordings or any other photographic reproductions of any Plaintiff, witnesses, Defendants,

and/or involved officers/employees to this cause.

**RESPONSE**: Defendants object to Request No. 6 as overbroad in that it contains no reasonable limitation as to time. Notwithstanding the objection, photographs in response to this request are attached on a CD marked as DEFS. RESP. TO P'S RTP No. 6 - Photographs. *See also*, Response to Request No. 2 above. Investigation continues.

7.     Tender copies of any and all drawings, slides, motion pictures, video recordings, photographs, audio recordings or any other photographic reproductions you possess of the scene and/or of any objects involved in the incidents alleged in the Complaint (*e.g.* photos of rooms, vehicles, evidence, etc).

**RESPONSE**: *See* Response to Request No. 2 above. Investigation continues.

8.     Tender copies of any and all drawings, slides, motion pictures, video recordings, photographs, audio recordings or any other photographic reproductions you possess that in any way relate to the incidents described in the Complaint, that were not already tendered in response to the above requests.

**RESPONSE**: *See* Response to Request No. 2 above. Investigation continues.

9.     Produce any reports, documents (see definitions, *supra*), memoranda and/or paperwork whatsoever any/or recordings (such as audio and/or video (see definitions, *supra*)) relating to any investigation and/or inquiry, internal or otherwise, that took place subsequent to the occurrences alleged in the Complaint regarding the allegations in the Complaint.

**RESPONSE**: Items responsive to this Request were previously delivered as part of Defendants' Initial Rule 26 Disclosures. Additionally, an arbitration hearing was held on July 17, 2009, during which various persons and witnesses gave testimony, the transcript of which is attached hereto as Bates-Stamped Nos. DEFS. RESP. TO P'S RTP 000008 to 000051. Investigation continues.

4

10. Produce any and all documents (see definitions, *supra*) and/or recordings (*e.g.* video, audio) you possess concerning any criminal charges, lawsuits, complaints and/or internal investigations brought against each Defendant who was involved in the occurrence described in the Complaint. *If the Defendant(s) object to production for a particular time period, and/or production as to a particular officer, then tender those documents (see definitions, supra) for which there is no objection and itemize those documents or things that are being withheld from production).*

**RESPONSE:** Defendants object to Request No. 10 as overborad in that it contains no reasonable time limitation and further, that it is not likely to lead to discoverable information. Notwithstanding said objections, documents relating to an internal investigation resulting in discipline being assessed against Defendant Miller are attached hereto as Bates-Stamped Nos. DEFS. RESP. TO P'S RTP 000052 to 000255.

11. Produce all documents (see definitions, *supra*) which concern any tests and/or testing that any of the Defendants took, passed, and/or failed. The scope for this request is from the time in which the Defendants became enrolled in the academy until the present date. Here, the tests and/or testing refers to written, oral or performance tests taken by the officers that were taken while in the academy and/or while the officer has been employed by the police department of the Defendant Municipality. Plaintiff requests the testing materials as well as the study materials used in preparation for the tests.

**RESPONSE:** The study guide for the Lieutenant Written Examination is attached hereto, bearing Bates-Stamped Nos. DEFS. RESP. TO P'S RTP 000256 to 000270. *See also*, Response to Request No. 12 below. Investigation continues.

12. Produce the personnel files for the Defendants, including a color photograph of each Defendant, any certificates of training and/or scholastic achievement that the has secured, and/or any commendations and/or written criticisms that the Defendants has obtained in his/her

5

employment as a police officer. *In this request, Plaintiff is not asking for social security numbers, medical insurance benefits, life insurance benefits and/or personal information of that nature.*

**RESPONSE:** The personnel file for each individual Defendant is attached as follows:

> Captain Anton Cundiff, Bates-Stamped Nos. DEFS. RESP. TO P'S RTP 000271 to 000697;
> Sergeant James Popovits, Bates-Stamped Nos. DEFS. RESP. TO P'S RTP 000698 to 000852;
> Lieutenant William Lutz, Bates-Stamped Nos. DEFS. RESP. TO P'S RTP 000853 to 001169;
> Lieutenant John Miller, Bates-Stamped Nos. DEFS. RESP. TO P'S RTP 001170 to 001547;
> EEO Officer Kathleen Seith, Bates-Stamped Nos. DEFS. RESP. TO P'S RTP 001548 to 001673; and
> Sheriff Keith Nygren, Bates-Stamped Nos. DEFS. RESP. TO P'S RTP 001674 to 001827.

13. Tender a recent color photograph of any and all officers/employees of the Defendant Municipality that were involved in the occurrences that are the subject of the Complaint.

**RESPONSE:** Defendants object to Request No. 13 as a recent color photograph of any and all officers/employees is not necessary or likely to lead to discoverable information and is often, nevertheless, not in possession of the Sheriff's Office. This Request is further overbroad as the identify of "any and all officers/employees...involved in the occurrences that are the subject of the Complaint" is an ongoing process that will be buttressed during discovery. Notwithstanding said objections, none other than those delivered in response to Request No. 6 above.

14. Produce all rules, policies, procedures and/or instructions, in the form of documents, videos, photographs and/or audio recordings, that were in effect on the date of the occurrence, as reflected in the Complaint including all police memoranda, documents, or material distributed, made available for free and/or for purchase, or required to be read by police officers, which concern:

      a.     The law of arrest and/or probable cause to engage in traffic stops;

      b.     The decisions that an officer makes and/or procedures an officer follows in order to issue a traffic violation to an individual.

**RESPONSE**: Material provided by the Police Training Institute is attached hereto, bearing Bates-Stamped Nos. DEFS. RESP. TO P'S RTP 001828 to 001845. Additionally, documents responsive to this Request were previously delivered as part of Defendants' Initial Rule 26 Disclosures. *See also*, Response to No. 24 below. Investigation continues.

15. Produce all documents, records, statistics, compiled data and/or other documentation relating to racial profiling statistics for traffic stops and/or arrests and/or Terry stops engaged in by employees for the McHenry County Sheriff's Department.

**RESPONSE**: Defendants object to Request No. 15 as it is overbroad in that it contains no reasonable limitation with regard to time. Notwithstanding the objection, the raw traffic stop data for all patrol officers for the years 2004 through 2008 is attached hereto by CDs entitled: Traffic Reports Raw Data 2004-2006; Traffic Reports Raw Data 2007; and Traffic Reports Raw Data 2008.

16. Produce any and all documents involving *any* discipline *any* employee of the McHenry County Sheriff's Department has *ever* received regarding racial profiling and/or the use of racial slurs and/or epithets.

**RESPONSE**: Defendants object to Request No. 16 as overbroad in that it contains no reasonable limitation with regard to time. Notwithstanding the objection, documents responsive to this Request are attached hereto as Bates-Stamped Nos. DEFS. RESP. TO P'S RTP 001846 to 001946.

17. Produce any and all documents regarding any complaints from any civilian or employee of any law enforcement department, including employees of the McHenry County Sheriff's Department, that an employee of the McHenry County Sheriff's Department has engaged in racial profiling and/or used a racial slur and/or epithet.

7

**RESPONSE**: Defendants object to Request No. 17 as overbroad in that it contains no reasonable limitation with regard to time. Notwithstanding the objection and in addition to those documents previously delivered pertaining to Plaintiff's Complaints, *see* Response to Request No. 16 above.

18. Produce a list of all tickets issued and/or traffic stops engaged in over the last ten years by any employee of the McHenry County Sheriff's Department which identify the employee, the race of the driver and/or passengers, the cited violation, and the location of the traffic stop.

**RESPONSE**: Defendants object to Request No. 18 as it is overbroad in that it contains no reasonable limitation with regard to time. Notwithstanding the objection, *see* Response to Request No. 15 above.

19. Identify the race of each and every employee of the McHenry Sheriff's Department.

**RESPONSE**: Defendants object to the form of Request No. 19, as it seeks information rather than documents or other tangible items and is, therefore, more appropriate as an Interrogatory. Notwithstanding said objection, a list of employees containing the requested information is attached hereto as Bates-Stamped Nos. DEFS. RESP. TO P'S RTP 001947 to 001959.

20. Produce documents identifying all employees who have been terminated from the McHenry County Sheriff's Department over the past ten years, including the position held by said employee, their dates of employment, and the stated reason for their termination. If Defendants object to identifying these individuals by name, redact the personal information of said employees.

**RESPONSE**: Defendants object to Request No. 20 as overbroad and unduly burdensome. Notwithstanding the objection, Defendants refer Plaintiff to the documents bearing Bates-Stamped Nos. DEFS. RESP. TO P'S RTP 001960 to 001978, containing a list of terminated employees and 001979 to 002069, containing exit interviews.

8

21. Produce any and all documents and/or statements which identify the number of

commendations, awards, certificates, accolades, distinctions, decorations and/or other honors

Plaintiff has received while an employee of the McHenry County Sheriff's Department.

**RESPONSE**: None other than those delivered in Defendants' Initial Rule 26 Disclosures. *See also*, Response to Request No. 23 below.

22. Produce any and all documents and/or statements identifying any discipline Plaintiff has

received while an employee of the McHenry County Sheriff's Department.

**RESPONSE**: None other than those previously delivered in Defendants' Initial Rule 26 Disclosures. *See also*, Request No. 23 below.

23. Produce Plaintiff's entire personnel/employment file.

**RESPONSE**: Documents responsive to this Request were previously delivered in Defendants' Initial Rule 26 Disclosures. Additional personnel/employment documents are attached hereto as Bates-Stamped Nos. DEFS. RESP. TO P'S RTP 002070 to 003211.

24. Produce any and all documents which demonstrate the criteria used by supervisors of the

McHenry County Sheriff's Department in determining which employees of the McHenry County

Sheriff's Department are to be promoted, commended, terminated, and/or disciplined.

**RESPONSE**: Defendants object to Request No. 24 as overbroad in that there are several positions and/or classifications at McHenry County Sheriff's Department and the criteria for evaluation and promotion may be different for each such classification/position. Notwithstanding said objection, documents responsive to this Request were delivered in Defendants' Initial Rule 26 Disclosures. Additionally, the Union Contract for sworn personnel for 2003 to 2006 is attached hereto as Bates-Stamped Nos. DEFS. RESP. TO P'S RTP 003212 to 003268; the Union Contract for 2006 to 2010 is attached hereto as Bates-Stamped Nos. DEFS. RESP. TO P'S RTP 003269 to 003327; the Merit Commission Rules and Regulations are attached hereto as Bates-Stamped Nos. DEFS. RESP. TO P'S RTP 003328 to 003347; the FTO 2004 Manual is attached hereto as Bates-Stamped Nos. DEFS. RESP. TO P'S RTP 003348 to 003587; the PTO Manual is attached hereto as Bates-Stamped Nos. DEFS. RESP. TO P'S RTP 003588 to 003844; and a Recruitment Pamphlet is attached hereto as Bates-Stamped Nos. DEFS. RESP. TO P'S RTP 003845 to 003860.

25. Produce any policies and/or procedures outlining the procedure by which employees of

the McHenry County Sheriff's Department are to be promoted, commended, terminated, and/or

disciplined.

**RESPONSE:** Defendants object to Request No. 25 as overbroad in that there are several
positions and/or classifications at McHenry County Sheriff's Department and the
criteria for evaluation and promotion may be different for each such
classification/position. Notwithstanding said objection, *see* Response to Request
No. 24 above.

26. Any and all statements of any employee of to be promoted, commended, terminated,

and/or disciplined regarding racial profiling in to be promoted, commended, terminated, and/or

disciplined.

**RESPONSE:** Defendants object to the form of Request No. 26 as it makes no sense. Until this
Request is restated, Defendants provide no response thereto.

27. Any and all statements of any Defendant and/or employee of to be promoted,

commended, terminated, and/or disciplined regarding any allegation made in Plaintiff's

Complaint.

**RESPONSE:** Defendants object to the form of Request No. 27 as it is difficult to comprehend.
To the extent this Request seeks statements of any Defendant or employee of the
MCSO to be promoted, commended, terminated, and/or disciplined regarding any
allegation made in Plaintiff's Complaint, none other than those produced in
Defendants' Initial Rule 26 Disclosures or in response to Plaintiff's discovery
requests. Investigation continues.

28. Any and all statements, verbal or written of Plaintiff in the possession of Defendants

regarding any allegation made in Plaintiff's Complaint.

**RESPONSE:** Attached is CD of a Television Interview of Zane Seipler and Blake Horwitz,
dated November 26, 2008. *See also*, documents previously delivered in
Defendants' Initial Rule 26 Disclosures.

29. Produce any and all documents that were used in the Defendant's and/or Kathleen Sieth's

internal investigation into Plaintiff's claims of employees of the McHenry County Sheriff's

Department engaging in racial profiling.

**RESPONSE**: None other than those previously delivered in Defendants' Initial Rule 26
Disclosures.

30. To the extent they were not tendered in response to the above request, produce all

documents, video, photographs (see definitions, *supra*[1]) and/or audio recordings of any kind that

were distributed, seen or used in study, training, and/or employment by the Defendants, which

concern:

      a.     The law of arrest and/or probable cause to engage in traffic stops;
      b.     The decisions that an officer makes and/or procedures an officer follows in
            order to issue a traffic violation to an individual;
      c.     Racial profiling in regards to effecting *Terry* stops and traffic stops.

**RESPONSE**: Documents responsive to this Request are attached hereto as Bates-Stamped Nos.
DEFS. RESP. TO P'S RTP 003861 to 003976. *See also*, documents delivered in
Defendants' Initial Rule 26 Disclosures. Investigation continues.

31. A list giving the names, addresses and specialities of all expert witnesses for any

Defendant (other than non-treating, purely consultant experts who are not to testify at the trial).

**RESPONSE**: Defendants have not yet hired any expert for purposes of this case, but reserve the
right to supplement this Request if/when they do hire such an expert.

32. With regard to all disclosed experts and those not yet disclosed (supplemented according

to the Federal Rules of Civil Procedure) as of the date of receipt of this Request to Produce

(hereinafter the expert)), please provide the following:

---

[1] Also, see instructions for this and all other references to photographs.

11

a.     Any and all documents (see definitions, *supra*), memoranda and paperwork whatsoever which provides information relative to:

  i.     The number of times that the experts have been retained by:
     1.     The defendants;
     2.     The law firms that the Defendants has retained;
     3.     Any and all insurance companies of the Defendants;
     4.     Any and all entities (e.g. corporation, partnership) wholly and/or partly owned by the Defendants.

  ii.    The number of times the expert(s) have testified within the last 7 years (specify for Plaintiff or Defendants).

b.     Any and all documents (see definitions, *supra*), memoranda and paperwork whatsoever which provides information relative to:

  i.     All monies ever paid by the Defendants to the expert(s);
  ii.    All monies ever paid by an entity (e.g. corporation, partnership) wholly or partly owned by the Defendants to the expert(s);
  iii.   All monies ever paid by any law firms retained by the Defendants to the expert(s);

  iv.    All monies ever paid by any and all insurance companies of the Defendants to the expert(s);
  v.     All monies earned from any source for any litigation purposes or for consulting in any manner in any legally contested matter or administrative proceeding (drafting reports for litigation, consulting with attorneys and/litigation staff, reviewing records of any sort, providing litigation assistance, expert testimony, evaluation of documents, tangible items, or individuals, critique of opinions, providing opinion testimony, etc.).

c.     Any and all contracts, retainer agreements or agreements of any type whatsoever between the Defendants and the expert(s), between any and all insurance companies of the Defendants and the expert(s), between an entity wholly or partly owned by the Defendants and the expert(s), and/or between law firms retained by the Defendants and the expert(s);

d.     Any and all transcripts (from deposition or trial) wherein the expert(s) testified;

e.     A list of any and all books, papers, memos, and/or articles that the expert has authored.

**RESPONSE**: Defendants have not yet hired any expert for purposes of this case, but reserve the right to supplement this Request if/when they do hire such an expert.

Dated: August 19, 2009

Respectfully submitted,

*Sara M. Cliffe*

SARA M. CLIFFE,
*One of the Attorneys for Defendants*

JAMES G. SOTOS
SARA M. CLIFFE
ELIZABETH K. BARTON
JAMES G. SOTOS & ASSOCIATES, LTD.
550 East Devon, Suite 150
Itasca, Illinois 60143
630-735-3300
630-773-0980 (fax)