IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ZANE SEIPLER, | )<br>) |
| Plaintiff, | )<br>) Case No. 08 C 50257<br>) |
| vs. | ) Judge<br>) Frederick Kapala |
| CAPTAIN ANTON CUNDIFF, et al., | )<br>) Magistrate Judge |
| Defendant. | ) P. Michael Mahoney<br>)<br>) |

**MEMORANDUM OPINION AND ORDER**

This case involves claims that Plaintiff was harassed and eventually terminated from his employment with the McHenry County Sheriff's Department in retaliation for asserting a First Amendment right by speaking out against alleged racial profiling. The parties in this case have been engaged in discovery since March of 2009. Plaintiff now alleges that new information has been turned over or otherwise uncovered through the discovery process that should result in the continued depositions of several defendants and witnesses. Specifically, Plaintiff states that at least 5,000 traffic tickets, which he claims were formally and informally requested on a number of occasions, were turned over on or around January 2, 2011 as a part of a data set created through collaboration between the parties. Plaintiff believes the tickets are relevant to his racial profiling allegations. Along these same lines, Plaintiff has filed a motion to compel documents regarding a recently commenced investigation into possible racial profiling within the Sheriff's Department.

Plaintiff claims these new disclosures altered his litigation strategies and require

1

continued or re-convened depositions of a number of Defendants or witnesses. Plaintiff asks the court grant him an additional two hours to depose Defendants Nygren, Miller, and Lutz, and an additional one hour to depose Defendant Cundiff, Defendant Seith, and Jeremy Bruketta. Plaintiff further requests that a stay be imposed on taking depositions pending the outcome of Defendants' alleged racial profiling investigation. Defendants opposed all of Plaintiff's requests. Having fully considered the parties' briefs and oral arguments, the court will now rule on Plaintiff's motion.

Plaintiff believes the traffic tickets show the alleged widespread nature of the racial profiling practices. Plaintiff would argue that the number of instances of the alleged misconduct is relevant to help show the likelihood that some or all of the Defendants knew of its existence, and further, that they would retaliate against him in order to prevent the exposure of such widespread misconduct. In essence, Plaintiff's theory is the larger the problem he was trying to expose, the greater the motivation for Defendants to retaliate against him.

According to Defendants, the majority of the alleged 5,000-plus new tickets were, in fact, duplicate tickets arising out of the same traffic stops as previously disclosed tickets. In other words, the tickets would not reveal new traffic stops or the names of newly stopped individuals, but instead would disclose instances where multiple tickets were given during a single stop. It is the position of Defendants that most of the names of the drivers for the additional 5,293 tickets were already disclosed to Plaintiff in a 2009 spreadsheet. (Def.s' Suppl. Resp. to Pl.'s Mot. to Compel, Dkt. No. 173, p. 3.) Thus, it is Defendants' position that this new disclosure does not justify expanding discovery in this case beyond that which has already occured. Plaintiff maintains that even where the tickets are multiples arising out of previously disclosed stops, this

information may be relevant to support Plaintiff's prior allegations that officers were writing tickets to certain groups of individuals to a disproportionate degree.

The court recognizes that the parties have struggled to understand and exchange discovery. Even during the pendency of this motion the parties were engaged in a back-and-forth to determine the precise nature of the newly disclosed tickets. Plaintiff does now have new information which he believes to be relevant. The court finds that the use of this additional evidence at reconvened depositions would be somewhat cumulative. Plaintiff has had extensive discovery opportunities in this case, and has been able to depose all of the above individuals with knowledge of the alleged racial profiling data as it relates to Defendants' tickets. The court finds Plaintiff has not shown a need for additional time to depose Defendants Seith, Nygren, Miller, Lutz, and Cundiff.

However, the court finds Plaintiff can question Officer Bruketta concerning newly disclosed tickets. Tickets issued by Officer Bruketta were the subject of a specific comparison between spreadsheets created by Plaintiff and Defendant that allowed the parties to uncover discrepancies. Plaintiff's "Bruketta Chart" listed 241 "incorrectly marked" tickets, and Defendant apparently used this information to uncover an additional seventy-three tickets issued by Officer Bruketta. (Def.'s Amended Ex. A to Supplemental Resp., Dkt. No. 185, p. 2.) Counsel for both parties have repeatedly focused on Officer Bruketta when providing examples or explanations to the court. Therefore, the court will allow Plaintiff to depose Officer Bruketta for one hour about the newly disclosed tickets.

As to Plaintiff's motion to compel production of the internal investigation report, the court will grant the motion, in part. Defendants are already under an obligation to produce any

relevant information relating to this case. Rule 26(e) requires a party to supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete and the additional information has not otherwise been made known to the other parties during the discovery process or in writing. FED. R. CIV. P. 26(e)(1). If Defendants learn of any new materials or information through their internal investigation that would be responsive to Plaintiff's discovery requests, they have a continuing obligation to produce that information to Plaintiff. The court will order that under Rule 26(e) the Defendants are to produce the letter sent to officers describing the internal investigation. (Pl.'s Mot. to Compel, Dkt. No. 187, Ex. A, Req. No. 9.) If Defendants believe certain materials are covered by a privilege, and therefore not discoverable, the Defendants can produce a privilege log.

Plaintiff has suggested that discovery be stayed until Defendants complete their internal investigation and produce related discovery materials to Plaintiff. The court does not find the outcome of Defendants' investigation to be crucial to moving forward with this case. Plaintiff has had ample opportunity for discovery on issues relating to Plaintiff's claims. To recover, Plaintiff does not have to prove racial profiling occurred. The initial pre-trial conference in this case took place on March 27, 2009, with an initial fact discovery cut-off date of November 25, 2009. Fact discovery was extended on November 18, 2009, April 1, 2010, May 28, 2010, July 28, 2010, September 3, 2010, October 20, 2010, and December 15, 2010. After seven extensions of fact discovery and numerous orders allowing Plaintiff additional discovery requests and deposition time, the court sees no reason to delay this case any further than necessary. Plaintiff's motion to stay discovery pending the outcome of Defendants' alleged investigation is denied.

As to Plaintiff's motion for sanctions, the court is satisfied that Defendants adequately

4

explained the basis for disclosing the additional tickets at this late stage.  The same is true of Plaintiff's motion for a rule to show cause.  The court finds no evidence of an intentional violation of a protective order or discovery order in this case.  Both motions are denied.  To the extent Defendants seek sanctions in their response to Plaintiff's motion, they will also be denied.  Though there has been some regrettable confusion between and among the parties regarding certain materials, the court does not find evidence of unreasonable or vexatious conduct by either party such that sanctions would be warranted at this time.

The fact discovery cut-off will be set for June 15, 2011.  All dispositive motions are due by July 28, 2011.

**E N T E R:**

_____
**P. MICHAEL MAHONEY, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**

**DATE**: March 8, 2011

5