IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ZANE SEIPLER, <br><br> Plaintiff, <br><br> v. <br><br> CAPTAIN ANTON CUNDIFF, LIEUTENANT JOHN MILLER #1431, LIEUTENANT WILLIAM LUTZ, SERGEANT POPOVITS, KATHLEEN SIETH, KEITH NYGREN, individually and in his official capacity as SHERIFF OF MCHENRY COUNTY, and the COUNTY OF MCHENRY, <br><br> Defendants. | Judge Kapala <br> Magistrate Judge Mahoney <br><br> No. 08-cv-50257 |

## PLAINTIFF'S MOTION TO
## EXTEND THE DISCOVERY CLOSURE DATE

NOW COMES the Plaintiff, Zane Seipler, by and through his attorney, Blake Horwitz of The Blake Horwitz Law Firm, Ltd., and respectfully requests this Court to grant Plaintiff's Motion to Extend the Discovery Closure Date. In support of same, Plaintiff states the following:

1. There are many reasons for which Plaintiff prays that this Court extends the discovery closure date, itemized as follows:

   A. With regard to the internal investigation performed by the Defendants, statements of core 26(a) witnesses have been taken by Defendants, and not produced. It is Plaintiff's belief that Defendants have, through the investigation, attempted to undermine Plaintiff's witnesses without providing the Plaintiff an opportunity to develop responsive positions in discovery.

   B. Plaintiff reported racial profiling relative to Officer Stevens and Bruketta, long prior to his termination. Defendants have generated data and investigated department members with regard to Deputy Bruketta and Officer Stevens falsification of documents. These interviews are essential to understand many facts important to Plaintiff's clam: (a) the pervasive nature of the officers' (b) which defendants were aware of their conduct; (c)

the intentional nature of their conduct; (d) why the conduct was allowed to persist for a lengthy period of time and at such a high level

   C. The nature of the circumstantial evidence which imputes knowledge to the Defendants as to the purportedly pervasive nature of racial profiling relative to 51 deputies.

2. Defense counsel previously promised Plaintiff the tender of materials relative to the internal investigation. Plaintiff waited patiently for the production of same. This Court ordered the production of the internal investigation in It's most recent ruling. Obviously, both Defendants and fact witnesses can be interrogated with meaningful questions relative to the internal investigation. Plaintiff prays that this Court allow discovery to continue to allow for a proper and zealous inquiry.

3. Hundreds of photographs, presently in the possession of the Defendants have been withheld. These photographs demonstrate that hundreds (at least 350) Hispanics were pulled over by deputies and intentionally labeled as Caucasian. The photographs help to demonstrate the pervasive nature of the racial profiling and therefore, circumstantially, point to Defendants knowledge as to Mr. Seipler's claims.

4. Hispanics that spoke Spanish (versus English), looked Hispanic and had Hispanic surnames were pulled over by Sheriff Deputies and labeled as Caucasian. Other then that which is expressed above, these falsified tickets provide other important information: they provide comparators as Mr. Seipler was fired for purportedly falsifying two tickets, but other officers who have falsified tickets in large numbers have been promoted. The photographs also provide clarity as to the falsified ticket generation and an underlying goal of profit generation – a theme which was promoted by the Defendant Sheriff.

5. Plaintiff has attempted to secure the internal investigation prior and in fact litigated this issue before this Court several months ago. Plaintiff has attempted to speed up the

discovery process of this case through aggressive litigation. Further, as this Court knows, it is only through the aggressive litigation of Plaintiff that the internal investigation occurred.

6. Lastly, it is un-rebutted that the County engaged in three investigation prior to Plaintiff's termination. These investigations were bogus. It was not until discovery unfolded that department members finally came forward and information came to light to demonstrate the information that was being previously concealed. Now, towards the latter part of discovery, a bomb is dropped with essential information which would have greatly benefited the Plaintiff's claims if it were previously generated (legitimately) and tendered in discovery.

7. Plaintiff also prays that this Court allow Plaintiff to issue 10 Requests to Admit and 15 additional interrogatories.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant this Motion and provide any alternative relief deemed just.

    Respectfully submitted,

    /s/ Blake Horwitz_____
    Blake Horwitz
    One of Plaintiff's Attorneys

The Blake Horwitz Law Firm
Two First National Plaza
20 South Clark Street, Suite 500
Chicago, Illinois 60603
Telephone: (312) 676-2100
Fax: (312) 372-7076