# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50257 | **DATE** | 7/19/2011 |
| **CASE TITLE** | Seipler vs. Cundiff, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file a third amended complaint [216] is granted in part. Plaintiff has 7 days to file an amended complaint consistent with this order, and Defendants are given 14 days from the date of filing to respond. Plaintiff's motion to compel the deposition of Sheriff Nygren [243] is granted in part. Defendant is to produce Sheriff Nygren for up to 1 hour for a continued deposition consistent with this order.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Plaintiff filed this case based on a theory that he was discriminated and retaliated against because of his protests to his employer, the McHenry County Sheriff's Department. Plaintiff allegedly observed and complained about racial profiling. He believes he was subsequently retaliated against and terminated because he objected. The parties to this matter have a number of discovery motions pending before the court. This case has endured a lengthy discovery process, and, presumably, these motions were inspired by approaching discovery deadlines. The most significant recent discovery event was that Defendants have tendered a copy of an internal investigation into racial profiling to Plaintiff. Right after this disclosure, Plaintiff filed a motion for leave to file a third amended complaint, and a motion to compel one additional hour of deposition testimony from Sheriff Nygren.

Plaintiff's motion to file a third amended complaint seeks to add counts and/or factual allegations, which are summarized as follows: (1) that Defendants terminated Plaintiff to allow for the continued practice of racial profiling in order to increase revenue; (2) that two other deputy sheriffs were harassed and retaliated against during the course of this litigation, thus bolstering Plaintiff's "code of silence" theory; (3) that Defendants have continued to harass Plaintiff during the course of this litigation, creating an additional First Amendment retaliation claim; (4) that another motive for Defendants' retaliation against Plaintiff is to enforce its "code of silence" among employees; and (5) that Sheriff Nygren was a final policymaker with regard to the racial profiling investigations, including the recently disclosed investigation, which would support a new *Monell* claim based on "final policymaker" liability. Plaintiff argues that the above facts and claims would help "establish the motivation of Defendants to prevent exposure of and investigation into widespread racial profiling" and would prove either "wide-spread practice" or "final policymaker" theories under a *Monell* theory of liability.

Rule 15 of the Federal Rules of Civil Procedure instructs that courts should freely give leave for a

party to amend pleadings when justice so requires.  Fed. R. Civ. P. 15(a).  Apparent or declared reasons for a court to deny a motion for leave to amend include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, or futility of the amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The decision is within the discretion of the court, and the court may find that the interests of justice are best served by denying such a motion where the above factors outweigh the general policy behind Rule 15 of freely granting leave to amend.  *Jones v. Hamelman*, 869 F.2d 1023, 1027-28 (7th Cir. 1989).

This case was filed on November 18, 2008.  The parties agreed in their case management order entered by the court on March 27, 2009 that amended pleadings would be due by April 30, 2009.  Plaintiff timely filed a second amended complaint on March 23, 2009, and the district court upheld Plaintiff's second amended complaint in its entirety when it denied Defendants' motion to dismiss on December 14, 2009.  The parties have been engaged in discovery based on Plaintiff's second amended complaint for over two years and the fact discovery cut-off date has been extended on at least twelve occasions.  The most recent fact discovery cut-off date is set at  August 31, 2011.

Much of the information Plaintiff seeks to add to his pleadings is not new to this case.  The claim relating to Defendant's continued retaliation against Plaintiff through the release of a police record were raised by a motion for a rule to show cause on October 5, 2010.  The allegations concerning the harassment of other officers were brought before the court on October 20, 2010 as Plaintiff articulated his "code of silence" theory.  On the same October 20, 2010 date, counsel for both parties agreed that a *Monell* claim based on the "code of silence" theory existed in Plaintiff's second amended complaint.  The allegations of retaliation against Deputy Sheriffs Salgado and Sanders were revealed during Deputy Milliman's deposition on November 23, 2010.  On December 15, 2010, Plaintiff's counsel articulated to the court an extensive theory as to how Defendants benefit from various racial profiling practices.  Other than the internal investigation report, the parties were aware of the information Plaintiff now wishes to include in his third amended complaint at least six months prior to Plaintiff seeking leave to amend. Because this motion is now before the court at the end of the discovery process, the court will look critically at whether the proposed amendments in Plaintiff's third amended complaint are necessary to preserve distinct claims, or whether they are unnecessary pleadings with the potential to further delay this case.

Plaintiff's complaint need only contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a).  Rule 8 does not require "detailed factual allegations," though the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (1957); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009)).  Plaintiff has already pled "enough details about the subject-matter of the case to present a story that holds together."  *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).  The District Court found that Plaintiff's second amended complaint satisfied the standards under *Iqbal* and *Twombly*.  The question then becomes whether Plaintiff's proposed amendments are unnecessary factual allegations in support of Plaintiff's existing claims, or new and distinct claims arising out of new information.  *See Kasak v. Village of Bedford Park*, 552 F.Supp.2d 787, 793-94 (7th Cir. 2008) (Where an amended complaint seeks to add an entirely new claim that the movant would otherwise be unable to pursue, there may be reason to allow the amendment).

Plaintiff alleges new reasons why Defendants would have wanted to retaliate against him, including that Defendants benefitted financially from racial profiling and wanted to enforce a "code of silence" so that racial profiling could continue within the Sheriff's Department.  These reasons do not appear to lend themselves to new or distinct claims.  Rather, they are factual assertions that might support the retaliation

claims contained in Plaintiff's second amended complaint. The second amended complaint already contains two counts of retaliation, and a count of conspiracy. The facts alleged in the second amended complaint reference a "code of silence" and describe how Plaintiff observed instances of racial profiling. The additional factual allegations Plaintiff now wishes to incorporate into his pleadings are either relevant and will be allowed into evidence by the trial judge, or are not relevant and will be excluded. Amending the complaint to add the above factual material is not helpful at this stage.

The same is true of the proposed amendments regarding Deputy Sheriffs Salgado and Sanders. As the court has repeatedly stated throughout the discovery process, Plaintiff does not need to prove the extent to which racial profiling existed or how the alleged "code of silence" was enforced against other officers. Plaintiff's allegations, and his path to a plausible claim for relief, are based on his complaints about the Defendants' conduct and the retaliation that resulted therefrom. The information relating to Deputies Salgado and Sanders may or may not be deemed relevant for the purposes of a Rule 56 motion or at trial in this case. These other deputies may even wish to pursue their own claims of retaliation. However, allowing Plaintiff to incorporate these allegations into an amended complaint at this stage of litigation is not helpful.

As to the proposed claim of continued retaliation against Plaintiff throughout this litigation, this information does appear as a new and distinct claim in Plaintiff's proposed amended complaint. The proposed amendment alleges sufficient facts to present a claim for relief, and the information could not have been contained in Plaintiff's previous complaint because it has arisen since the filing of his second amended complaint. The court will allow Plaintiff to amend his complaint only as to the allegations of continuing retaliation against Plaintiff during this litigation. However, this information is not new to the parties and should not require further discovery. Plaintiff raised the issue of continued harassment through the defendants' dissemination of a private police report in a motion for a rule to show cause on October 5, 2010. The parties have had knowledge of this issue for at least eight months, and both parties have already explored this issue in relation to Plaintiff's motion.

As to the evidence related to internal investigation report, Plaintiff argues that Sheriff Nygren's alleged endorsement of the report creates a new *Monell* theory based on Sheriff Nygren being a "final policymaker." The "final policymaker" theory is a method of proving a *Monell* claim, and all parties agree that a *Monell* claim exists in Plaintiff's second amended complaint. However, the Seventh Circuit has indicated that a Plaintiff must first allege that a defendant is a final policymaker before a court can proceed to the question of whether a single act or decision of that defendant constituted a municipal policy. *McGreal v. Ostrov*, 368 F.3d 657, 685 (7th Cir. 2004) (*citing Baxter by Baxter v. Vigo County School Corp.*, 26 F.3d 728, 735 (7th Cir. 1994)). Thus, Plaintiff's proposed "final policymaker" *Monell* claim relating to Sheriff Nygren's actions may create a standalone claim with pleading requirements beyond those of his current *Monell* allegation. For this reason, the court will allow Plaintiff leave to amend his complaint as to the "final policymaker" claim.

In addition to seeking leave to amend his complaint to add a "final policymaker" claim, Plaintiff has filed a motion to compel the deposition of Sheriff Nygren for up to two hours concerning the McHenry County Sheriff Department's internal investigation into racial profiling. The investigation report suggests that no evidence of racial profiling was uncovered by the investigation. The report also addresses and explains the mis-marking of racial profiling information on tickets issued by Sheriff's Deputies, an issue raised repeatedly during this litigation. Defendants maintain that Sheriff Nygren did not author, conduct, direct, or supervise any of the internal investigation, nor did he have any personal or unique knowledge about the investigation. Nevertheless, Sheriff Nygren's name appears on the report, he approved the report in his official capacity, and he produced the report to the media. The report is essentially a denial of some of the allegations in Plaintiff's complaint. Plaintiff is entitled to inquire about Sheriff Nygren's knowledge of the

findings in the report as they relate to the policies or customs among the employees of the McHenry County Sheriff's Department. Based on this new information, the court finds that Plaintiff's request is reasonably calculated to lead to the discovery of admissible evidence. Defendant is to produce Sheriff Nygren at a reasonable time and location for up to one hour for a re-convened deposition concerning the report and any public statements made in regard to the report.

In summary, Plaintiff's motion to amend his complaint is denied as to the facts relating to the newly discovered motivations for Defendants' racial profiling. The motion is also denied as to the information relating to Deputies Salgado and Sanders. The court will allow Plaintiff to amend his complaint to add claims relating to the continued retaliation against Plaintiff and the "final policymaker" *Monell* theory based on the newly released internal investigation report. Aside from the one hour continued deposition of Sheriff Nygren, the court will not be inclined to allow any further discovery as to the additional claims. Both parties have been apprised of these claims and should be prepared to move forward with this case. Plaintiff has 7 days to file an amended complaint consistent with this order, and Defendant is given 14 days to respond.

| | Courtroom Deputy | BTJ |
|---|---|---|